284 So.2d 225 (1973)
Sherry C. GOLDSTEIN, Appellant,
v.
Robert S. GOLDSTEIN, Appellee.
Nos. 73-469, 73-470.
District Court of Appeal of Florida, Third District.
October 16, 1973.
Miller & Podell, Miami Beach, for appellant.
Marx & Squitero, Coconut Grove, for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
CARROLL, Judge.
We have for consideration two interlocutory appeals filed by Sherry C. Goldstein, from orders entered in her action for dissolution of marriage, which was commenced on November 26, 1971.
Included in the allegations of the petition were that the parties were married in 1959, had separated in August of 1971, and that the marriage was irretrievably broken; that there was one child of the marriage, aged five years; that the petitioner was without funds and in need of support for herself and the child; that the husband's net worth was in excess of $200,000 and that his income for 1970 was $35,000. The wife sought dissolution of the marriage, custody, child support and alimony, and to establish a joint interest in certain property held by the husband.
The husband moved for an order to require the wife to submit to a mental and physical examination, for the purpose of having a doctor determine whether she was capable of supporting herself. As basis therefor, his motion stated that in a discovery deposition the wife had testified she was unable to work due to health conditions, involving her loss of weight (to between 65 and 70 pounds); and the motion recited that it would be necessary for the respondent husband "to show that the petitioner's health is not impaired and that her loss of weight is something of her own choosing."
On March 13, 1973, an order was entered directing the wife to appear for such examination before a named doctor "at least two weeks before the trial of this matter." On April 6, 1973, the husband *226 filed a motion for imposition of sanctions for failure of the wife to submit to physical examination as ordered. The wife filed a response thereto wherein she alleged that after the marriage in 1959 when she was 21 years of age, she had modeled twice a week for some six months, but otherwise had not been gainfully employed; that she was no longer capable of such employment; that she had attended college for two years but did not have skills qualifying her for gainful employment "such as secretarial or typing skills," and that her time was consumed in caring for the child. She contended therein that her failure to appear for the examination should be considered immaterial in view of her circumstances. In support thereof she filed an affidavit by her mother stating that in prolonged earlier illnesses the petitioner had, in the belief of her mother, developed fear and an aversion to appearing for treatment by doctors, except "when there is an absolute medical necessity."
Thereupon on April 12, 1973, the court entered one of the interlocutory orders appealed from, in which, upon reciting that the petitioner had willfully failed to comply with the order for mental and physical examination, the court struck the petitioner's claim for alimony.
Promptly thereafter the petitioner filed a motion to vacate that order. Therein she announced readiness and willingness to submit to examination by the doctor as previously ordered, "although the petitioner continues to fear medical examinations for the reasons set forth in the affidavit of her mother." Her motion stated: "the petitioner never intended to be disrespectful or willful in disregard of the court's said order for compulsive physical examination, and now entreats the court to grant her the opportunity to obey said order." The court entered an order denying that motion, from which the wife appealed.
The appellant contends the sanction imposed by the court represented an abuse of discretion, being unduly harsh and harmful to her cause in that it struck her right to claim rehabilitative alimony or other alimony having no bearing on her possible condition of health. Further, the appellant contends that despite her failure or refusal to comply with the order initially, her prompt offer to submit to examination within ample time for the purposes of this cause should have been accepted by the court, since thereby no prejudice to the respondent would have occurred.
Rule 1.380(b) FRCP, 30 F.S.A. deals with failure to comply with an order. Subsection (2) thereof is applicable to this case. Therein it is provided that where, among other things, a party refuses to obey an order to submit to a physical or mental examination (under Rule 1.360 F.S.A.), "the court in which the action is pending may make any of the following orders." The orders listed thereunder applicable to this situation, are (A) an order that the facts shall be taken to be established for the purpose of the action in accordance with the claim of the party obtaining the order; (B) "An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence"; (C) "An order striking out pleadings or parts of them or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part of it, or rendering a judgment by default against the disobedient party"; (D) to treat the failure to obey any order as a contempt of court, except where the refusal was to submit to a physical or mental examination.
In this case the matter for which the examination was sought, and for which it would be material, was limited to an issue raised by the wife's assertion of her ill health as affecting her capability to become self-supporting in the future, as bearing on the measure of her need for support.
We find merit in the contention of the appellant that in the circumstances *227 presented the sanction barring her from any claim for alimony, for her disobedience of the order to submit to a physical and mental examination (to determine whether she was capable of becoming self-supporting) was excessive. The penalty should fit, and not exceed the fault. It should not have gone beyond barring her from presenting evidence on the point, or to order thereby the condition of her health as contended by the respondent should be considered established.
This is so because it was clear that she was not self-supporting and was without present means of support, and if an examination had shown her to be in good health, at the least she would appear to be entitled to seek and receive rehabilitative alimony in an appropriate amount and for a proper period.
Moreover, the petitioner's disobedience was not continued or stubbornly adhered to, as shown by her subsequent prompt offer and effort to submit to the examination. In our view it was an abuse of discretion to continue the sanction, and especially an excessive sanction, in face of the offer of compliance by the disobedient party. Thus in Hurley v. Werly, Fla.App. 1967, 203 So.2d 530, 537, the court said:
"This is known as the `sanction' portion of the discovery Rules. It is not penal. It is not punitive. It is not aimed at punishment of the litigant. The objective is compliance  compliance with the discovery Rules. The sanctions are set up as a means to an end, not the end itself. The end is compliance. The sanctions should be invoked only in flagrant cases, certainly in no less than aggravated cases, and then only after the Court has given the the defaulting party a reasonable opportunity to conform after originally failing or even refusing to appear. This is unmistakably the trend of judicial thinking in Florida on the `sanction' Rule." [Emphasis added.]
See also State Road Department v. Hufford, Fla.App. 1964, 161 So.2d 35; Remington Construction Co. v. Hamilton Electric, Inc., Fla.App. 1965, 181 So.2d 183. The approved practice, prior to final imposition of a harmful sanction favors allowing a defaulting party in discovery proceedings an additional opportunity for compliance. See Developments in the Law  Discovery, 74 Harv.L.Rev., 940, 991; Sanctions to Effectuate Pretrial Discovery, 58 Colum.L. Rev. 480, 495. The principle would appear applicable where, as here, the party who was initially disobedient promptly offers compliance, which if made would serve the purpose of the discovery without undue delay of the action (pending for more than a year before the discovery order).
For the reasons stated, the orders appealed from are reversed, and the cause is remanded for further proceedings not inconsistent herewith.