PER CURIAM.
By these consolidated interlocutory appeals appellants-defendants have brought up for review. two orders of the Circuit Court of Dade County. The order appealed in case no. 75-725 is as follows:
“THIS CAUSE having come on for hearing on Plaintiffs’ motion to strike pleadings of Defendant Chase Manhattan Mortgage & Realty Trust, and for entry of judgment, under Rule 1.380, Florida Rules of Civil Procedure, against the said trust, and upon review of the record in this cause, the Court noting that:
“(a) On January 22, 1975, several sets of interrogatories were propounded by Plaintiffs and served upon Defendants.
“(b) Said interrogatories were entitled ‘Preliminary Interrogatories to All Defendants,’ ‘Witness Interrogatories to Trustees of Chase Manhattan Mortgage & Realty Trust,’ and ‘Expert Witness Interrogatories to Trustees of Chase Manhattan Mortgage & Realty Trust.’
“(c) On January 30, 1975, the Defendant Trustees filed what they designated as a Rule 1.280(c) ‘motion for protective order,’ asking the Court to
“ ‘take judicial notice that such trust is a large business organization which operates through ministei ial agents and em *655 ployees and should be considered to be an association within the scope of Rule 1.340(a) ; that the individual trustees are not familiar with the details of the operation of the business of said Defendant or with the details of any transaction; that their function is . . . not unlike the board of directors of a large corporation; that the information sought by such interrogatories is not likely to be within the knowledge of any of the trustees.
“(d) On February 11, 1975, this Court entered an order denying the Trustees’ said motion for protective order.
“(e) Three days later, on February 14, 1975, the said Trustees filed a motion for extension of time to respond to interrogatories, setting forth, among other things, that ‘said Defendants are located at various parts of the country and many of them are or may be in transit or moving about the country from place to place,’ enumerating the logistical difficulties involved, and reiterating
“ ‘that the purpose for said Defendant's] moving for an extension of time was to avoid the necessity of burdening the Trustees, all of whom are substantial businessmen, with the undertaking of reviewing the rather complex set of interrogatories, as to which it is unlikely that any of them will have any knowledge . . . and, accordingly no communication concerning the same was had with them prior to thé hearing on said Defendant’s motion for protective order . . . etc. . . . [and said Defendants] will be unable to respond to the interrogatories within the time provided by the rules.’
Defendants, therefore, moved for an extension of ‘thirty (30) days past the time their answers would be required.’
“(f) Rather than have hearing on the foregoing motion, on February 18, 1975, the parties stipulated and the Court entered an order ‘that the time for said Defendants to respond to the interrogatories heretofore served upon them be extended to and including March 20, 1975.’ The Court signed this order on February 21, 1975.
“(g) Two days after they had stipulated to respond on or before March 20, 1975, Defendants filed a ‘motion for reconsideration’ asking the. Court to reconsider its order of February 11, 1975, for the reasons, inter alia, that
“ ‘at the hearing on the motion, the Court did not have the court file; during the hearing there were various interruptions and distractions by reason of the fact that the air-conditioning was not operating, the lights were flickering on and off and various comments were passed concerning these distractions; [and] said Defendants are therefore fearful that the Court’s attention may have been diverted from argument of counsel.’
and further that the [theretofore ‘rather complex set of interrogatories’]
“ ‘are preliminary and do not go to the substance or merits . . . ; the answers of all of the Trustees . if any of them has any knowledge . . . will be cumulative. . . . ’
Defendants’ motion further stated:
“ ‘While these Defendants do not question the right of Plaintiffs to have much of the information sought, the Plaintiffsf’] motivation must be suspect in propounding such interrogatories to Defendants-Trustees. . . .’
And further that,
“ ‘Defendants-Trustees are not located in one place; in many instances their whereabouts at any particular time are. unknown, ■ and communicating with them is exceedingly difficult.’
*656 “ ‘(b) At the same time and notwithstanding this Court’s order of February 11, 1975, Defendants filed “Objection to Interrogatories,” being a blanket objection to all of the interrogatories based upon Defendants’ assertion already rejected by this Court’s order of February 11, 1975, that an individual agent be appointed to answer all of the interrogatories.
“‘(i) On March 11, 1975, Plaintiffs filed a motion to strike pleadings because of non-compliance with the Court’s order of February 11, 1975. At the same time, hearing on Plaintiffs’ motion was noticed for March 14, 1975. By agreement of counsel this motion was never argued.
“ ‘(j) On March 19, 1975, this Court denied Defendants’ motion for rehearing and reconsideration and protective order, and overruled Defendants’ objections.
“Thereafter, it is undisputed that counsel for Defendants orally requested and received additional time from counsel for Plaintiffs to file answers to the interrogatories, which said oral extension was confirmed by a letter giving Defendants until Monday, March 24, 1975.
“On March 26, 1975, notwithstanding the foregoing pleadings history and history of off-the-record extensions of time, Defendants filed a ‘Motion for Extension of Time.’ The grounds for this motion asserted that:
“ ‘good faith effort' is being made to assemble . . . [the] information; however, by reason of many other pressing and urgent matters affecting the operation of the trust, the personnel who must assemble such information have not been able to address themselves fully to the assemblage and provision of such information . . .; that the Trustees who are required to respond to said interrogatories are spread throughout the country, so that consultation with them and preparation by them of their answers is impractical . . .’
and that the voluntary extension of time given by Plaintiffs was only for four days.
“At the same time as their motion for extension was filed, Defendants set their motion for extension of time down for hearing before this Court on April 1, 1975.
“On March 27, 1975, apparently upon receiving the motion for extension, Plaintiffs filed a motion to strike pleadings of Defendant Chase Manhattan Mortgage & Realty Trust, which motion recited Plaintiffs’ view of the history of the foregoing pleadings and urged that:
“ ‘Defendants’ continued delaying tactics are predicated on two pre-judgment hopes: (1) a change in the usury laws, and (2) divestment of the trust assets.’
Plaintiffs, therefore, moved ‘to strike the Defendant Chase Manhattan Mortgage & Realty Trust’s pleadings, for entry of judgment, and for reasonable attorneys’ fees as provided by law.’ Also on March 27, 1975, Plaintiffs noticed their motion to strike on the same 1:30 P.M. motion calendar (on April 1, 1975) as Defendants’ motion for extension of time.
“This cause thereafter came on for hearing on Defendants’ said motion for extension of time. Defendants orally objected to any argument on Plaintiffs’ motion to strike on grounds that he had not had adequate notice. The Court thereupon entered its ‘Order Denying Extension of Time to Answer Interrogatories’ dated April 1, 1975, which, inter alia, gave Defendants until the end of the Court’s motion calendar on April 3, *657 1975, in which to provide a full set of answers to interrogatories.
“THIS CAUSE thereafter came on for hearing before the Court on April 3, 1975, on Plaintiffs’ motion to strike. At that hearing, counsel for Defendants asserted that ten out of the 12 sets of interrogatory answers had been received but that one additional trustee was in California and no response had been forthcoming from him and that defense counsel thought the other trustee was somewhere out of the country and no response had been forthcoming from him. Defense counsel indicated that he had handed telephotoed copies of such responses to Plaintiffs’ counsel immediately prior to the hearing. No original answers were filed with the Court. Plaintiffs’ counsel indicated that, having just received the documents, he was unable to agree or disagree with the assertions that most of the interrogatories had been answered, but that it appeared doubtful that as many had responded as Defendants’ counsel had indicated. Defense counsel then handed to opposing counsel and to the Court its seven-page memorandum in opposition to Plaintiffs’ motion.
“AND the Court having heard argument of counsel, having reviewed Defendants’ said memorandum, and being otherwise fully advised in the premises, it is, upon consideration,
“ORDERED AND ADJUDGED as follows:
“1. Under all of the circumstances of this case, Defendants’ conduct has been flagrant and inexcusable and the sanctions provided by Rule 1.380(b) are appropriate.
“2. In making this ruling, the Court is not unaware of the serious nature of the sanctions provided by the Rule. The Court has studied the court file, independently researched the law and consulted with other judges of the General Jurisdiction Division of the Eleventh Judicial Circuit concerning the general appropriateness of the sanctions and the kind of circumstances which warrant imposition.
“3. Each and every pleading heretofore filed in this, cause by or on behalf of Chase Manhattan Mortgage & Realty Trust, a Massachusets business trust, for itself and/or its Trustees, is hereby stricken from the record of this cause, and this file shall be deemed to be the same as if the said Trust and its Trustees have failed to file or serve any paper in this action.”
The order appealed in case no. 75-726 is a denial of appellants’ motion to set aside the default.
 We have carefully considered the points on appeal in the light of the record, briefs and arguments of counsel and have concluded that the trial court erred in entering the orders appealed.
The general rule in imposing of sanctions is that they be applied only in extreme circumstances where wilful non-compliance with the court’s order is shown by the record. We find that the record does not show a wilful disregard of the court’s order. See Owens-Illinois v. Lewis, Fla.App.1972, 260 So.2d 221; Goldstein v. Goldstein, Fla.App.1973, 284 So.2d 225.
Reversed and remanded with directions to vacate the orders appealed and for further proceedings not inconsistent with our holdings herein.
Reversed and remanded.