373 So.2d 88 (1979)
BEAVER CRANE Service, Inc., Appellant,
v.
NATIONAL SURETY CORPORATION, etc., et al., Appellees.
No. 79-15.
District Court of Appeal of Florida, Third District.
July 24, 1979.
*89 Montgomery, Lytal, Reiter, Denney & Searcy, Edna L. Caruso, West Palm Beach, for appellant.
Fowler, White, Burnett, Hurley, Banick & Knight and Thomas F. Martin, McDonald & McDonald and J.A. Dillian, David L. Willing and Karl H. Baarslag, Miami, Gerald M. Walsh and Mark R. Boyd, Fort Lauderdale, for appellees.
Before HAVERFIELD, C.J., and KEHOE and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The trial judge dismissed this cause with prejudice because the plaintiff did not timely comply with court orders which required it to supply proper and complete answers to two of many interrogatories which had been propounded in the course of extensive discovery proceedings below. Despite the recitations below to the contrary, we find, as we did in Trustee of Chase Manhattan Mortgage & Realty Trust v. Sailboat Apartment Corp., 323 So.2d 654, 657 (Fla.3d DCA 1975), "that the record does not show a willful disregard of the court's order." Because this is true, and since the defendants-appellees have not demonstrated that they were prejudiced in any meaningful way by the plaintiff's tardiness, see Masons Concrete of Crystal River, Inc. v. Corbin Well Pump & Supply, Inc., 364 So.2d 824, 826 (Fla. 2d DCA 1978); Travelers Ins. Co. v. Rodriguez, 357 So.2d 464, 465 (Fla. 2d DCA 1978); the order of dismissal represents a clear abuse of discretion. See Bernuth Marine Shipping, Inc., v. Integrated Container Service, Inc., 369 So.2d 424 (Fla. 3d DCA 1979), and cases cited; Hart v. Weaver, 364 So.2d 524 (Fla. 2d DCA 1978); Chase Manhattan Mortgage & Realty Trust v. Sailboat Apartment Corp., supra; Goldstein v. Goldstein, 284 So.2d 225 (Fla. 3d DCA 1973); Clark v. Suncoast Peach Corp., 263 So.2d 247 (Fla. 2d DCA 1972). The judgment under review is therefore reversed and the cause is remanded with directions to deny the motion to dismiss for failure to comply with the court's orders, and for further proceedings consistent herewith.[1]
Reversed and remanded with directions.
NOTES
[1] This opinion does not preclude the trial court from imposing appropriate sanctions upon the appellant or its attorney, short of the overly harsh remedy of dismissal of the cause, either with or without prejudice. Bernuth Marine Shipping, Inc. v. Integrated Container Service, Inc., supra; Clark v. Suncoast Peach Corp., supra.