383 So.2d 262 (1980)
ZAYRES DEPARTMENT STORES, Appellant,
v.
Bernardo FINGERHUT and Regina Fingerhut, Appellees.
No. 79-2388.
District Court of Appeal of Florida, Third District.
April 29, 1980.
Rehearing Denied May 30, 1980.
*263 Adams & Ward and Robert C. Ward, Miami, for appellant.
Goldstein Professional Ass'n and Caron Balkany, Miami, for appellees.
Before NESBITT and BASKIN, JJ., and CHARLES A. CARROLL (Ret.), Associate Judge.
PER CURIAM.
Zayres Department Stores (Zayres), defendant in an action for damages for alleged false imprisonment and malicious prosecution, appeals from an order striking its defensive pleadings for failure to make timely compliance with an order to supply better answers to certain interrogatories. We find error and reverse.
The appellant contends, and we are impelled to agree, that in consideration of the nature of the case and the circumstances involved the drastic sanction imposed by the trial court of striking appellant's defensive pleadings and directing the cause to proceed to trial on damages (in effect the equivalent of directing a verdict in favor of the plaintiffs on liability) was excessive.
The action was filed by Bernardo Fingerhut and his wife against Zayres and two of its employees, alleging that based on a false charge of retail theft (of a pair of shoes) Fingerhut was falsely imprisoned and maliciously prosecuted, for which Fingerhut sought compensatory and punitive damages. The complaint contained a separate count seeking damages for alleged interference with Fingerhut's pecuniary interests, alleging Zayres had hindered his claim for unemployment compensation by having falsely claimed that Fingerhut was discharged previously by Zayres for cause. In another count the plaintiff's wife claimed damages for loss of consortium.
*264 Simultaneously with the filing of the complaint the plaintiffs filed a motion to produce, request for admissions and seventy-two written interrogatories. The defendants filed answer. As to the counts relating to false imprisonment and malicious prosecution defendants denied the material allegations as to liability, and in defense averred there was probable cause to detain and prosecute the plaintiff. As to the two other counts, said defendants filed motions to dismiss. Objections filed by Zayres to the interrogatories were overruled.
After answers by Zayres to the interrogatories, plaintiffs moved for an order requiring better answers to fifteen of the seventy-two interrogatories. An agreed order was entered allowing an additional thirty days to comply. Three months thereafter the plaintiff filed a motion stating that better answers to such interrogatories had not been made, and moving for an order "to strike the defendants' pleadings, or in the alternative, to enter a default against the defendants, or to assess costs and attorney fees incurred in bringing this motion." Following a hearing on that motion which was held on November 8, 1979, an order was entered which required Zayres to file such better answers to interrogatories numbered 57, 58, 60, 62, 64, 69 and 70, on or before November 12, 1979. The date of that hearing and order (November 8) was a Thursday. The ensuing Monday, the 12th, was a holiday.
On November 15 the plaintiff moved for an order striking the defendants' pleadings for failure of defendants to have complied with the order of November 8 within the time required by that order. Hearing thereon was noticed for November 20. Further answers to said interrogatories, as called for by the order of November 8, were filed and served by Zayres on November 16, prior to said such hearing.
On November 21, 1979, after hearing on plaintiffs' motion for sanctions, the court entered the order appealed from, reciting willful violation by Zayres of the order of the court, and striking Zayres' pleadings and directing trial to be held on damages only.
Zayres moved for rehearing. Therewith it was represented to the court that counsel had used diligence but had been unable to make timely compliance with the order; and that counsel had been confused as to the date for compliance, and had not received a copy of the order until November 14; and averring absence of any prejudice to the plaintiff by reason of the answers having been filed after the time specified in the order. Supporting the motion for rehearing was an affidavit of Zayres' attorney stating the answers to interrogatories had been filed and served on November 16, 1979. Attached to the affidavit was a list of three similar type actions which were pending against Zayres, being the only known record of such actions against Zayres. The motion for rehearing was denied.
Patently, there had been a period of foot-dragging by the defendant, as to the interrogatories, after the earlier consent order fixing thirty days as the time for filing better answers to certain interrogatories. However, when the plaintiff moved for imposition of sanctions for that delay by defendant, the court did not impose any sanction, but ordered the filing of such answers by November 12, 1979.
The purpose of the inquiries to be so answered was to obtain information as to other occasions on which Zayres had been involved in cases of this kind, and as to other occasions when the defendant-employees had had similar experiences in other such matters. As to the former, on rehearing it was explained by defendant that no such prior cases could be listed because Zayres had no record thereof, except for three pending cases, as to which information was supplied. Regarding queries as to prior experiences of that nature by the defendant-employees, the answer of Zayres on November 16 was that its knowledge thereof was that which was shown by said employees in their depositions which had been taken in this case.
*265 The requested information as to prior such cases or experiences of Zayres, occurring at other times and under other facts and circumstances, would have been of little substantial value or materiality to the plaintiff. For such other prior cases, if there were any, to be of material assistance to plaintiff, the establishment of their materiality, if any, would necessitate the equivalent of a collateral trial thereof. See Atlantic Coast Line R. Co. v. Campbell, 104 Fla. 274, 139 So. 886 (1932); Short v. Allen, 254 So.2d 34 (Fla. 3d DCA 1971); McArthur v. St. Louis-San Francisco Ry. Co., 306 So.2d 575, 579-580 (Fla. 1st DCA 1975). Obviously such information was not vital to the question of liability here, which would need to be determined on the facts of this case.
Nor was there a showing of any substantial prejudice to the plaintiff. Plaintiffs were in possession of Zayres' complete investigation file relating to the incident involved. Trial of the case was not delayed because the answers which were due by November 13 were not presented until November 16. Trial of the case had been set for sometime in January, two months hence.
Fla.R.Civ.P. 1.380(a)(2) provides for entry of an order on motion to compel answer, when interrogatories are not answered as required by the rules. Subsection (b) of that rule deals with failure to comply with such an order. The options for action by the court upon non-compliance with such an order are (A) to treat the matters as to which the questions were asked as established [which generally would not be applicable in the case of written interrogatories]; (B) an order preventing the disobedient party from introducing such matters in evidence; (C) "An order striking out pleadings or parts of them or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part of it, or rendering a judgment by default against the disobedient party;" (D) instead of or in addition to the foregoing, an order treating as contempt the failure to obey any order (except orders for physical or mental examination); (E) relating to failure of a party to comply with an order to produce another for examination, is inapplicable here; and (F) instead of or in addition to the foregoing orders, to require the party failing to obey the order "to pay reasonable expenses caused by the failure that may include attorney's fees, unless the court finds that the failure was justified or that other circumstances make an award of expenses unjust."
Clearly under the wording of the foregoing rule, the options of the court for Zayres' failure to timely comply with the order for better answers to such interrogatories, included authority of the court to impose the sanction of striking the defendant's pleadings. However, that most extreme of the sanctions which may be imposed is not provided to be used to punish or penalize a party (Hurley v. Werly, 203 So.2d 530 (Fla. 2d DCA 1967); Leatherby Insurance Co. v. Jones, 332 So.2d 139 (Fla. 3d DCA 1976)) and should be imposed on the defendant only in extreme situations and for flagrant or aggravated cases of disobedience. Owens-Illinois Inc. v. Lewis, 260 So.2d 221 (Fla. 1st DCA 1972); Hurley v. Werly, supra; Goldstein v. Goldstein, 284 So.2d 225 (Fla. 3d DCA 1973); Travelers Insurance Co. v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978). And only in extreme cases should that ultimate sanction be imposed on a party when the failure to timely comply with a discovery order has not operated to prejudice the opposing party in any substantial manner. Masons Concrete v. Corvin Well Pump & Supply, 364 So.2d 824, 826 (Fla. 2d DCA 1978); Beaver Crane Service v. National Surety Corporation, 373 So.2d 88 (Fla. 3d DCA 1979). Moreover there was no showing that Zayres, the party, refused to give answers or better answers to interrogatories, or personally was tardy in doing so. Where, as in this case, the party's counsel through confusion or otherwise was late in responding, for the court to strip the party of its defenses in a contested case of this kind would appear to be an excessive sanction, operating as a punishment of the litigant, rather than its counsel. Beasley v. Girten, 61 So.2d 179, 180-181 (Fla. 1952); Travelers Insurance *266 Company v. Rodriguez, supra (357 So.2d at 465); Masons Concrete v. Corvin Well Pump & Supply, supra.
Finally willful failure to comply, as recited in the court's order, does not appear to have been established on the record.[1] Zayres' counsel asserted his good faith effort to comply; his confusion as to the time limit for compliance; inability to comply fully because of absence of records of matters inquired about; and his actual compliance, three days late, to the extent possible and practicable. See Beaver Crane Service v. National Surety Corporation, supra.
In the circumstances presented we hold that the sanction consisting of striking Zayres' defenses and ordering the cause to proceed to trial on damages only, was excessive, and amounted to abuse of discretion.
The order appealed from is reversed. This judgment shall not operate to deprive the trial court of jurisdiction to proceed, after remand, to impose upon the defendant Zayres some authorized lesser sanction which in the opinion of the court shall be just and proper in the circumstances.
It is so ordered.
NOTES
[1] In Herold v. Computer Components International Inc., 252 So.2d 576, 579 (Fla. 4th DCA 1971), the court said, "We feel there is a distinction between a refusal to answer and an incomplete or insufficient answer so far as it relates to a failure to comply with a court order pursuant thereto." A refusal to answer can be regarded as deliberate. A failure to give a better answer after having answered, may or may not be a willful refusal, or it may be because of reasons which, although they may not be good reasons, will serve to disaffirm any willful defiance of the court. The latter situation could call for imposition of sanctions, but would not appear to be such as to justify the extreme sanction of dismissing a party's cause or striking a party's defense.