421 So.2d 562 (1982)
SUMMIT CHASE CONDOMINIUM ASSOCIATION, INC., a Florida Corporation Not-for-Profit, Appellant,
v.
PROTEAN INVESTORS, INC., a New York Corporation, Melba Investors, Northeast, Inc., a New York Corporation, and Bankers Trust Company, a New York Corporation, Appellees.
No. 81-1116.
District Court of Appeal of Florida, Third District.
September 28, 1982.
*563 Horton, Perse & Ginsberg and Arnold Ginsberg and James F. Comander, Miami, for appellant.
Meyer, Weiss, Rose, Arkin, Shampanier, Ziegler & Barash and S. Harvey Ziegler, Miami Beach, for appellees.
Before SCHWARTZ, NESBITT and JORGENSON, JJ.
NESBITT, Judge.
Summit Chase commenced this action in its own right as a condominium unit owner and on behalf of all others similarly situated (comprising some 220 unit owners) as a class action pursuant to Section 718.111(2), Florida Statutes (1977) and Florida Rule of Civil Procedure 1.220(b). The complaint alleged breach of implied warranty and negligence in the construction and installation of the roofs and the mechanical, electrical, and plumbing components of the common elements of the condominium. Compensatory damages in excess of $250,000 were sought.
The action was commenced in May of 1979. The cause became at issue in December of 1979. In August of 1979, the defendants had propounded a set of sixty-one interrogatories, of which each question had multiple parts. Approximately eighteen months later, in March of 1981, the defendants filed a motion to either compel answers to interrogatories or dismiss the action. After hearing, an order compelling answers within fifteen days was entered on March 12, 1981. Simultaneously, plaintiff's notice of trial was stricken and the parties were given leave to re-notice as discovery was nearing completion.
The plaintiff filed answers to a few of the interrogatories within the fifteen-day period. Attached to the answers was an architectural and structural engineering survey describing the condominium defects and consisting of approximately 140 letter-size pages. Almost all of the interrogatories were indicated as having been answered by reference to the attached engineering survey and damage report. The defendants again moved to dismiss the action with prejudice for failure of the plaintiff to comply with the previous discovery order of court. The motion was granted and the plaintiff's action was dismissed with prejudice. The order of dismissal assessed a $250 cost judgment in favor of the defendants' attorneys for their efforts in seeking compliance with discovery.
Plaintiff has appealed the order, contending that the interrogatories were in fact substantially answered. In the alternative, plaintiff argues that even if there was a discovery violation, it did not result in sufficient prejudice to the defendants, nor was it *564 so aggravated, as to justify the severity of the sanction imposed.
We disagree with plaintiff's contention that the interrogatories were substantially answered. Fla.R.Civ.P. 1.380(a)(3); see State Road Department v. Florida East Coast Railway, 212 So.2d 315 (Fla.3d DCA 1968). Assuming arguendo that the engineering report contained the desired information, it was not presented to the defendants as they were entitled to receive it in accordance with the arrangement of their questions. Florida Rule of Civil Procedure 1.340(e) permits that if insufficient space is provided in the interrogatories, "the answering party may attach additional papers with answers ...," but it does not authorize leaving a party to ferret and sift through a report to determine whether the requested information is there. Here, at the minimum, the defendants would have been forced to hazard the speculation that the information supplied was actually responsive[1] to their inquiries.
Despite our determination that the answers to interrogatories were inadequate, we agree with plaintiff's alternative argument that the sanction of dismissal with prejudice was not warranted in this case. Herold v. Computer Components International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971). In doing so, we feel compelled to make the following observations.
The openness of modern discovery is recognized to the point where the discovery process is for the most part self-executing. The superintendence of trial judges should be resorted to only with respect to whether information should be disgorged and the sequence or timing of its proliferation. It is inherent in the present rules of discovery that lawyers, out of respect for the adversary system, should make good faith efforts to comply with one another's reasonable discovery requests without constant recourse to the trial courts. This is especially so when counsel know full well that compliance with discovery is inevitable if sanctions are to be avoided.
In the instant case, it is apparent that had plaintiff's counsel attempted to promptly cooperate with his opponent,[2] he might have been successful in merely submitting the engineering report subject to it being supplemented by further interrogatories or other discovery methods. Nonetheless, the fact that plaintiff's counsel was laggard and slothful does not warrant the visitation of the extreme sanction of dismissal. Santuoso v. McGrath & Associates, Inc., 385 So.2d 112 (Fla. 3d DCA 1980). The severity of the sanction must be commensurate with the violation, Turner v. Anderson, 376 So.2d 899 (Fla. 2d DCA 1979), and dismissal of an action should be imposed upon a party only in extreme situations for flagrant or aggravated cases of disobedience. Travelers Insurance Company v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978).
The visitation of the ultimate sanction was not warranted in this case because of the defendants' initial delay in moving to compel answers to interrogatories, and because the case had not been finally set for trial. Consequently, the defendants have been unable to make a sufficient showing of prejudice. Santuoso v. McGrath & Associates, Inc., supra; Beaver Crane Service, Inc. v. National Surety Corporation, 373 So.2d 88 (Fla. 3d DCA 1979). On this record, the trial judge should have followed the approved practice of granting the plaintiff an additional opportunity for compliance. Goldstein v. Goldstein, 284 So.2d 225 (Fla. 3d DCA 1973).
*565 We hold that the sanction consisting of the entry of the order of dismissal with prejudice was excessive and an abuse of discretion. The order appealed from is reversed except that portion assessing costs and attorney's fees against the plaintiff, which is affirmed.[3] Our reversal does not preclude the trial court, on remand, from compelling the plaintiff to more adequately and fully answer the questions propounded and to assess further attorney's fees and costs in that regard with the full understanding that after a further opportunity to comply, dismissal of the action may become appropriate. Goldstein v. Goldstein, supra.
Affirmed in part and reversed in part, with directions.
SCHWARTZ, Judge (concurring in part, dissenting in part).
I enthusiastically concur in the reversal of the outright dismissal of the plaintiff's action. This order is but one of a regrettably long series of circuit court rulings which have effectively distorted the proper role of the discovery and pre-trial process in our system of civil justice. I believe that that function is solely to serve as a means to simplify, facilitate and fairly conduct litigation so that the merits may be more reliably and correctly determined. Instead, these procedures have become ends in themselves, in which missteps which do not prejudice, and in fact bear little or no relation at all to the prosecution or defense of the underlying controversies, nevertheless result in final adverse determinations of those cases. Thus have the priorities become reversed and the dog permitted to swallow his master. Our reversals in this case and in many similar ones in the recent past[1] demonstrate that this court will not allow this process to continue.
For roughly the same reasons that the majority and I agree the action should not have been dismissed, however, I dissent from the affirmance of the cost judgment imposed upon the plaintiff. As I view what happened below, the plaintiff in fact obeyed the only discovery order ever actually entered by the trial court by answering the defendants' interrogatories within the time provided.[2] The worst that can be said is that it did so in a technically insufficient manner by not placing the information in the expert's report which conformed to a particular interrogatory in the space provided on the form for that purpose. In other words, all the information was there; it was just not in the right place. Moreover, the record shows that the plaintiff's attorney offered to cooperate with defendants' counsel to obviate any difficulties which might arise even out of the asserted irregularity in form.[3] Under these circumstances, I would hold that what amounted to the *566 imposition of a fine,[4] which should be assessed only for a willful and clear-cut violation of an order of court, was unwarranted and a plain abuse of discretion.
NOTES
[1] Thus arises the substantial difference between the majority and the dissent. The latter opines, "[A]ll the information was there; it was just not in the right place." That statement is pure speculation which could only be reduced to fact, if at all, by a considerable expenditure of time and effort on the part of defense counsel.
[2] As the dissent notes, plaintiff's counsel did offer to supplement the reports furnished by providing, at a later time, any information not included therein. This supposed courtesy, suggested only after improperly and haphazardly answering the interrogatories and after waiting a year and a half to do so, can hardly be considered a friendly and cooperative way to progress litigation.
[3] The dissent would have us replace this "fine" with the remedy of restricting the plaintiff's proof to the extent that discovery violations prejudiced the defendants. This is, in effect, selecting one sanction over another and the dissent's choice might easily result in a far harsher penalty than the $250 award it feels is unjustified.
[1] E.g., Robinson v. Allstate Ins. Co., 417 So.2d 778 (Fla. 3d DCA 1982); Herrell v. Allis-Chalmers Corp., 411 So.2d 306 (Fla. 3d DCA 1982); Techno Industrial Corp. v. Cooper Industries, Inc., 410 So.2d 584 (Fla. 3d DCA 1982); Maqueira v. Almas, 409 So.2d 199 (Fla. 3d DCA 1982); Santuoso v. McGrath & Associates, Inc., 385 So.2d 112 (Fla. 3d DCA 1980); Zayres Department Stores v. Fingerhut, 383 So.2d 262 (Fla. 3d DCA 1980); Beaver Crane Service, Inc. v. National Surety Corp., 373 So.2d 88 (Fla. 3d DCA 1979); but see A.H. Robins Co. v. Devereaux, 415 So.2d 30 (Fla. 3d DCA 1982).
[2] I think it not insignificant that the subject of the interrogatories was the basis of the plaintiff's own claim. Thus, if there were any deficiencies in the responses, the obviously, and I think only appropriate remedy would be to restrict the plaintiff's proof to the extent that the discovery error prejudiced the appellees' ability to defend.
[3] Of course, defense counsel deliberately eschewed this offer for the good and obvious reason that he did not really wish to receive the discovery requested, much preferring that the action be entirely dismissed for a failure in providing it. See Puga v. Suave Shoe Corp., 417 So.2d 678, 682 n. 15 (Fla. 3d DCA 1982) (en banc); State v. Belien, 379 So.2d 446 (Fla. 3d DCA 1980). We should not permit this kind of maneuver even partially to succeed.
[4] In essence, the plaintiff was penalized because it had insufficiently responded to inquiries as to why it was suing the defendants, with the result that the suit itself was dismissed. I see no justification whatever in adding injury to injury in this fashion.