FRANK D. UPCHURCH, Jr., Judge.
Allendorfer appeals from an order dismissing her action for failure to comply with a discovery order.
On September 16, 1982, the defendants served Allendorfer with interrogatories and a request to produce. Defendants later moved to compel answers. On November 17, 1982, the court entered an order requiring Allendorfer to comply with all outstanding discovery requests. Allendorfer filed answers to interrogatories on the next day. Four days later, defendants moved to compel discovery, alleging that the answers to interrogatories were evasive in that they directed defendants to see certain medical records which were not produced. The defendants further alleged that the records which were furnished impeached some of Allendorfer’s answers.
On December 28, 1982, the court entered an order on the motion finding that the inadequacy of the answers may have been the result of Allendorfer’s confinement in a drug abuse treatment program. Allendor-fer was then ordered to furnish the names of all physicians and hospitals furnishing services to her and to furnish an affidavit from her treating physician as to her present condition including whether she was capable of furnishing competent answers to the interrogatories, consulting with counsel and responding to depositions.
Allendorfer served a notice of compliance setting forth the names of her treating physicians. She also submitted a letter from a doctor who explained the nature of Allendorfer’s treatment and advised that it would be six months before her participation in the suit could be anticipated. A few days later, Allendorfer moved for a corrective order contending that the discovery order varied from the court’s ruling at the hearing. No ruling on this motion appears in the record. On April 19, 1983, the defendants moved for involuntary dismissal. The court granted dismissal. It is from this order Allendorfer appeals.
If a party fails to properly serve answers or objections to interrogatories, the trial court may enter an order to compel discovery. Fla.R.Civ.P. 1.380; Johnson v. Allstate Ins. Co., 410 So.2d 978 (Fla. 5th DCA 1982). If the party does not comply with the order, the court may then impose sanctions, one of which is dismissal of the action. Fla.R.Civ.P. 1.380(b)(2)(C); Johnson; Ramos v. Sanchez, 375 So.2d 51 (Fla.2d DCA 1979). However, it is a general principle that the punishment for disregard of a court order should fit the crime. Smalley v. Layne, 428 So.2d 298 (Fla.3d DCA 1983); Santuoso v. McGrath & Associates, Inc., 385 So.2d 112 (Fla.3d DCA 1980). The dismissal of a cause of action is a drastic remedy which should be used only in extreme situations. Lifeguard Corp. v. U.S. Home Corp., 429 So.2d 94 (Fla.2d DCA 1983); Johnson v. Landmark First Nat. Bank, 415 So.2d 161 (Fla. 4th DCA 1982); Ramos v. Sanchez. Courts have reversed orders of dismissal or the entry of default judgments where the disregard of the court’s order was not wilful or flagrant, Santuoso v. McGrath & Associates, Inc.; Ramos v. Sanchez, or did not result in prejudice to the opposing side, Travelers Ins. Co. v. Rodriguez, 357 So.2d 464 (Fla.2d DCA 1978), or both, Lifeguard Corp. v. U.S. Home Corp.; Beaver Crane Service, Inc., v. National Surety Corp., 373 So.2d 88 (Fla.3d DCA 1979).
Unlike the situation in Johnson v. Allstate Ins. Co.,[1] Allendorfer was not given several opportunities to comply with the *1314 court’s order. In addition, the record shows that counsel was not sure that the order (apparently prepared by opposing counsel) comported with the court’s ruling at the hearing as evidenced by a letter to opposing counsel and the motion for corrective order. The defendants are correct that the letter is not an affidavit and that the letter and authorization form are not in total compliance with the order. However, in light of the confusion regarding the court’s actual requests and the fact that the response was, at most, incomplete, rather than a total disregard of the order, the dismissal of the action was too severe a sanction.
Since there was no evidence of bad faith or wilful disregard or gross indifference to the court’s order, we reverse the dismissal and remand the cause for further proceedings, including any other sanctions deemed appropriate.
REVERSED and REMANDED.
ORFINGER, C.J., and COBB, J., concur.

. In that case, the defendant propounded written interrogatories to the plaintiff. Dissatisfied with the response which it considered incomplete and evasive, defendant moved for an order to require a better answer, which motion was granted. Plaintiff then responded in a manner which defendant deemed to be not in compliance with the original order and filed a second motion to compel a better answer. After a hearing, a second order was entered requiring an additional answer to the interrogatory. When no response was forthcoming, defendant again moved for sanctions, and after a hearing, the court denied the motion for sanctions, but again ordered a response to the interrogatory within thirty days, this time stating that the action would be dismissed upon failure to respond. When there was no response to the third order within the time specified, the order of dismissal was entered.