PER CURIAM.
The Muhtars, the plaintiffs below, appeal a final order of dismissal imposed as a sanction for failure to comply with a discovery order. We reverse.
The Muhtars sued Aetna Insurance Company (Aetna) when it refused to pay a claim for damage to goods which Aetna had insured for transit from Panama to Miami.
Aetna propounded a set of interrogatories which was lengthy and detailed.[1] After three attempts to comply with such a burdensome request, including a translation of Spanish documents into English, the court dismissed the Muhtars’ suit.
As we have noted in many prior decisions, dismissal is to be used as a discovery sanction only as a last resort in those cases where the violation is willful and the inquiring party is prejudiced. Summit Chase Condominium Association v. Protean Investors, Inc., 421 So.2d 562 (Fla. 3d DCA 1982); Santuoso v. McGrath & Associates, Inc., 385 So.2d 112 (Fla. 3d DCA 1980); Beaver Crane Service, Inc. v. National Surety Cory., 373 So.2d 88 (Fla. 3d DCA 1979). Here, the Muhtars, while not responding as quickly or fully as parties to litigation might like, made a good faith effort to, and in fact did, substantially comply with the court’s discovery order. Dismissing their suit was, therefore, an abuse of discretion which must be reversed.
Reversed and remanded.

. The set consisted of thirty-two inquiries which, with subdivisions, totaled seventy-two questions. However interrogatory number one, which contained seventeen subdivisions, requested detailed information about each of the approximately ninety insured items. In other words, that one interrogatory required some 1,500 responses.