PER CURIAM.
We agree with the appellants that the trial court erred in imposing the extreme sanctions of striking their pleadings and entering a default and, subsequently, entering an order freezing their assets for failure to make discovery. It is undisputed on this record that, when the trial court granted the appellants’ motion for protective order, Rene and Nicolas Garcia were on the high seas and unavailable to be renoticed for their depositions. The Garci-as did not have the ability to comply with the discovery orders, see Grapin & Chaykin, M.D., P.A. v. Turnoff & Fox, M.D., P.A., 416 So.2d 843 (Fla. 3d DCA 1982) (on motion for rehearing), and the appellee has not established that he was prejudiced in any way by the Garcias’ failure to comply. See Summit Chase Condominium Association v. Protean Investors, Inc., 421 So.2d 562 (Fla. 3d DCA 1982); Santuoso v. McGrath & Associates, Inc., 385 So.2d 112 (Fla. 3d DCA 1980). The imposition of such severe sanctions under these circumstances was, therefore, an abuse of discretion. See Beaver Crane Service, Inc. v. National Surety Corp., 373 So.2d 88 (Fla. 3d DCA 1979). Upon their return, the trial court should have granted the Garcias an additional opportunity to be deposed. See Summit Chase Condominium Association, 421 So.2d at 564.
We accordingly reverse the order striking the pleadings and entering a default, and we remand for further proceedings. We likewise reverse the trial court’s order freezing all assets of the appellants since' there is nothing in this record which would justify such an order.
Reversed and remanded for further proceedings.