500 So.2d 294 (1986)
Carolyn BEAUCHAMP and Barry Beauchamp, Her Husband, Appellants,
v.
Allan Fitzgerald COLLINS and Southern Bell Telephone and Telegraph Company, Appellees.
No. 86-467.
District Court of Appeal of Florida, Third District.
December 23, 1986.
Rehearing Denied February 3, 1987.
Anthony J. Scremin; Daniels & Hicks and Bambi G. Blum, Miami, for appellants.
Shutts & Bowen and Dorian S. Denburg, Miami, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Plaintiffs Carolyn and Barry Beauchamp appeal from a final order dismissing their cause with prejudice on grounds of discovery violations. We reverse and remand for further proceedings based upon the following analysis.
The plaintiffs filed a complaint on February 29, 1984, alleging that Carolyn Beauchamp was involved in a motor vehicle accident caused by defendants (Allan Collins and his employer, Southern Bell Telephone and Telegraph Co.) on May 31, 1983, which resulted in physical injuries to her, as well as aggravation of a pre-existing condition and impaired working ability. After answering the complaint, defendants began discovery, which the trial court concluded *295 that plaintiffs either resisted, responded to incompletely, or totally ignored. As a result of numerous pending discovery motions, on July 30, 1985, the trial court ordered each moving party to file and respond to legal memoranda. The court reviewed the entire record and found defendants' discovery relevant and material. On October 23, 1985, the court ordered plaintiffs to comply with all of defendants' pending discovery including, inter alia, the production of plaintiff Carolyn Beauchamp's x-rays from before the accident; full and complete answers to defendants' second set of interrogatories to plaintiffs, combined with document requests; and answers to defendants' third set of interrogatories. The order further provided that failure to comply by November 12, 1985 would result in dismissal. The only act taken by the plaintiffs by that date was to file a motion for rehearing (bearing service date of November 4, 1985) as to the October 23 order. Defendants moved to dismiss on November 12, 1985, in accordance with the court's order. On November 15, 1985, the trial court entered a final order of dismissal with prejudice. It found that the plaintiffs' violation of the court order was intended to violate the Florida Rules of Civil Procedure, frustrate discovery and disregard the trial court's authority.
On November 26, 1985, plaintiffs filed their motion for rehearing and to vacate, with memorandum of law, alleging that their failure to timely comply with the October 23 order was due to inadvertence, neglect and mistake and not due to willful disregard of the court's order.[1] Plaintiffs further alleged that they had substantially complied in good faith with the discovery requests, but were unsure as to the exact parameters of the order and thus, were confused as to how to comply with the order. The trial court granted plaintiffs' motion on December 4, 1985, and ordered the parties to file and respond to legal memoranda. Both parties filed extensive memoranda. After another thorough review of the entire record, the trial court determined that plaintiffs' failure to comply with the October 23 order was inexcusable and that this violation, coupled with previous "stonewalling" and objections, constituted deliberate disregard of the trial court's authority. On February 3, 1986, the trial court entered a final order of dismissal with prejudice. It is from this order that plaintiffs appeal.
Plaintiffs argue, and we agree, that under the circumstances, the trial court abused its discretion in dismissing the cause with prejudice. Wallraff v. T.G.I. Friday's, Inc., 490 So.2d 50 (Fla. 1986); United Services Automobile Association v. Strasser, 492 So.2d 399 (Fla. 4th DCA 1986); Garcia Fleet Corp., Ltd. v. Martinez, 483 So.2d 502 (Fla. 3d DCA 1986); Beaver Crane Service, Inc. v. National Surety Corp., 373 So.2d 88 (Fla. 3d DCA 1979). Dismissal of an action is a drastic remedy which should be used only in extreme situations and upon a showing of deliberate and contumacious disregard of the trial court's authority. Mercer v. Raine, 443 So.2d 944 (Fla. 1983); Allendorfer v. Wood, 449 So.2d 1312 (Fla. 5th DCA 1984); Zayres Department Stores v. Fingerhut, 383 So.2d 262 (Fla. 3d DCA 1980). Moreover, such a sanction should not be imposed for failure to timely respond to a discovery order where defendants are unable to demonstrate that they were prejudiced in any meaningful way by plaintiffs' tardiness. Summit Chase Condominium Association v. Protean Investors, Inc., 421 So.2d 562 (Fla. 3d DCA 1982); Beaver Crane Service v. National Surety, 373 So.2d at 89; Travelers Insurance Co. v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978).
Here, the record is devoid of any indication that there was bad faith noncompliance with discovery or court orders which would warrant a finding of willful and flagrant disobedience. See Wallraff v. *296 T.G.I. Friday's, 490 So.2d 50; Zayres Dept. Stores v. Fingerhut, 383 So.2d 262; Beaver Crane Service v. National Surety, 373 So.2d at 89. Instead, plaintiffs have essentially complied with all of defendants' many discovery requests well in advance of trial. According to the record, plaintiffs supplied answers to defendants' interrogatories, albeit tardy and not as complete as defendants might have liked. See United Services Auto. Ass'n v. Strasser, 492 So.2d at 403; Muhtar v. Aetna Insurance Co., 456 So.2d 586 (Fla. 3d DCA 1984). Additionally, plaintiffs supplied answers to expert witness interrogatories and defendants' requests for production of documents. Moreover, Carolyn Beauchamp underwent various court-ordered medical examinations, and her treating physicians and other experts and witnesses were deposed. Finally, defendants were given access to her doctors' reports, medical records and x-rays.
Furthermore, it cannot be said that defendants were so prejudiced by the alleged actions of plaintiffs' attorney as to warrant dismissal. The trial was not delayed. In fact, it was set for four months from the date compliance with the October 23 order was due. According to Zayres Department Stores v. Fingerhut, 383 So.2d at 265, in which a dismissal for a three day delay in response was held reversible error when the trial date was two months in the future:
Where, as in this case, the party's counsel through confusion or otherwise was late in responding, for the court to strip the party of its defenses in a contested case of this kind would appear to be an excessive sanction, operating as a punishment of the litigant, rather than its counsel.
See Beasley v. Girten, 61 So.2d 179, 180-81 (Fla. 1952); Travelers Insurance Co. v. Rodriguez, 357 So.2d at 465.
The severity of the sanction must be commensurate with the violation. Summit Chase Condominium Ass'n v. Protean Investors, 421 So.2d at 564; Turner v. Anderson, 376 So.2d 899 (Fla. 2d DCA 1979). In the instant case, we do not find evidence of a deliberate and willful disregard for the trial court's authority. Thus, we reverse and remand to the trial court for further proceedings, including the imposition of any sanctions other than dismissal which the trial court deems appropriate.
Reversed and remanded.
NOTES
[1] Plaintiffs' counsel's secretary testified that she mistakenly calendared November 15, 1985 as the answer due date.