PER CURIAM.
This interpleader action was initiated by Manufacturers Life to resolve conflicting claims to the proceeds of two annuity policies issued by Manufacturers to the appellant, Maria Martinez VDA. De Trujillo. By terms of the policies Manufacturers was required to make monthly payments to Trujillo for the remainder of her life. Manufacturers subsequently received a letter from Regina Investments Corporation demanding payments of the amounts due to Trujillo under the policies. Enclosed with the demand letter was another letter, allegedly signed by Trujillo, which assigned Trujillo’s annuity rights to Regina. Trujillo denied the validity of the assignment and instructed Manufacturers to continue payments to her.
As a result of the conflicting claims, Manufacturers filed an interpleader action naming Trujillo and Regina as defendants. Trujillo answered, filed a cross-claim against Regina and a third-party complaint against Dominguez, apparently Regina’s agent, alleging conversion and seeking rescission. Regina answered and filed a counterclaim against the insurance company and a cross-counterclaim against Trujillo. The court entered an Agreed Order on Manufacturers’ Motion for Interpleader which directed Manufacturers to deposit the monthly annuity payments into the registry of the court pending final judgment.
Regina and Dominguez served notice on Trujillo’s attorney for the taking of Trujillo’s deposition in Miami. Trujillo filed a motion for a protective order alleging that she is a resident of Panama City, Panama, is almost eighty years old, nearly blind, and unable to bear the physical and financial burden of travel to Miami.
The court denied Trujillo’s motion and ordered her to appear for deposition in Panama within thirty days and further ordered her to pay the costs of the appellees’ counsel and an English-speaking court reporter’s travel to Panama. Subsequently, *1103 the appellees moved to strike Trujillo’s answer, cross-claim and counterclaim, alleging that she failed to make arrangements for the deposition in Panama. The court granted that motion and entered its order dismissing Trujillo’s pleadings adding that if Trujillo, within fifteen days, provided proof that she was unable to pay the costs of the deposition in Panama, the court would reconsider the order of dismissal. Trujillo filed a motion to strike the court order and in support of her motion submitted an affidavit made by her son which provided that he is supporting his mother because she is without funds for her personal support. After the appellees filed an opposing affidavit stating that Trujillo’s son was without knowledge of his mother’s assets, the son filed a second affidavit stating that Trujillo has no assets. The appel-lees moved for judgment on the pleadings. The court granted the appellees’ motion based on Trujillo’s failure to comply with the earlier order. The third-party complaint against Dominguez was dismissed and a final judgment was entered in favor of Regina on its claim to the money. Manufacturers was ordered to pay all future annuity payments to Regina.
Trujillo raises two main points on appeal: (1) The court erred in requiring Trujillo to pay for opposing counsel’s travel expenses to Panama, and (2) the sanction for violation of the discovery order was too harsh. We agree.
First, the aged and infirm appellant, who lives in Panama, was brought into this case as a defendant in an interpleader action and thus did not choose the Dade County forum. In view of the affidavits filed by her son evidencing Trujillo’s inability to comply with the court order, alternative methods of discovery such as written interrogatories, deposition upon written questions, letters rogatory or a telephone deposition should have been employed. Moreover, while the striking of pleadings— the severest of sanctions — may be appropriate for “a deliberate and contumacious disregard of the court’s authority,” Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983), the sanction, as employed here, was too drastic and amounted to an abuse of discretion. There was no evidence of bad faith and no finding that Trujillo’s failure to comply was willful. Beauchamp v. Collins, 500 So.2d 294 (Fla. 3d DCA 1986) (sanction of dismissal reversed where there was no evidence of a deliberate and willful disregard of court’s authority), rev. denied, 511 So.2d 297 (Fla.1987); Zayres Dept. Stores v. Fingerhut, 383 So.2d 262 (Fla. 3d DCA 1980) (sanction of striking pleadings was excessive and amounted to abuse of discretion where defendant’s discovery violation was not willful).
On remand the trial court should consider an alternative method of discovery and, if sanctions are further warranted, may impose a less severe sanction commensurate with the nature of the violation.
As to the discharge of Manufacturers Life Insurance Company, the order on review is affirmed; otherwise the cause is reversed and remanded.