PER CURIAM.
The final order of dismissal entered below as a sanction for a discovery violation is reversed because, on this record, it cannot be said that the plaintiff willfully refused to produce his 1040 income tax returns for the past three years as required by court order. Indeed, the record affirmatively reflects that (a) the plaintiff did not have personal copies of the 1040 income tax returns desired, and (b) the Internal Revenue Service in a letter to plaintiff’s counsel stated that it had no records of any tax returns filed by the plaintiff for 1981-85, the years for which returns were ordered produced by the trial court. This being so, there was no willful discovery violation in this case, and the trial court abused its discretion in entering the final order of dismissal under review. See Wallraff v. T.G.I. Friday’s, Inc., 490 So.2d 50, 51 (Fla.1986); Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983); Mittleman v. Rowe Int’l, Inc., 511 So.2d 766, 768 (Fla. 4th DCA 1987); *649 Zayres Dept. Stores v. Fingerhut, 383 So. 2d 262, 265 (Fla. 3d DCA 1980); Herald v. Computer Components Int’l, Inc., 252 So. 2d 576, 579 (Fla. 4th DCA 1971).
The final order of dismissal is reversed, and the cause is remanded to the trial court for further proceedings.