PER CURIAM.
Rebecca Lukowsky appeals from an order dismissing her legal malpractice complaint for failure to comply with discovery orders. For the reasons that follow, we reverse.
In January, 1988, Lukowsky sued her former attorneys for malpractice. The trial court dismissed that action for failure to attend a pretrial conference. We reversed, holding that the record did not “support a finding that Lukowsky exhibited a deliberate and contumacious disregard of the trial court’s authority which would warrant the drastic sanction of dismissal.” Lukowsky v. Hauser & Metsch, P.A., 541 So.2d 1368 (Fla. 3d DCA 1989). Upon remand, defendants propounded a discovery request for all records that were necessary for trial in the underlying litigation that led to the malpractice claim. Plaintiff did not produce the documents, and the trial court entered an order compelling production. Plaintiffs counsel withdrew and filed a charging lien. When plaintiff retained substitute counsel and sought to comply with the discovery request, she was frustrated by her prior counsel’s retention of the files pursuant to the charging lien. All in all, three orders compelling discovery were entered.
In February of 1993 the trial court dismissed the action for failure to comply with the last order compelling production. The trial court abused its discretion in imposing the severe sanction of dismissal, as the order contained no finding that plaintiff had wilfully refused to comply with the court orders, or that she had displayed the requisite deliberate and contumacious disregard for the trial court’s authority. See Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983); Beauchamp v. Collins, 500 So.2d 294 (Fla. 3d DCA 1986), rev. denied, 511 So.2d 297 (Fla.1987). It is apparent from the record that despite the three orders compelling discovery, plaintiffs failure to provide the materials requested was at-tribútable to her former attorney. She cannot be sanctioned with the severe penalty of dismissal when she did not even have the documents in her possession. See, e.g., Evans v. Kalal, 541 So.2d 648 (Fla. 3d DCA 1989) (where neither plaintiff nor IRS had copies of tax returns requested, trial court abused its discretion in imposing sanction of dismissal for failure to comply with order compelling production of those documents).[1]
We reverse and remand for further proceedings, and urge the parties to resolve this matter on its merits.
Reversed and remanded.

. Moreover, when plaintiff moved for rehearing she informed to the court that the documents sought had finally been released by her previous attorney, were in current counsel’s possession and were available for production.