PER CURIAM.
Upon consideration of the petition for writ of prohibition, the response thereto, and argument of counsel, we conclude that the trial court should have granted petitioners’ motion to disqualify.
The essential allegations of the motion to disqualify, the truth of which must be accepted, were that the petitioners, through Layne, had asked a third party whether the respondent had in the past been represented by the same counsel who were representing Layne and Bernstein’s adversary in the action pending before the respondent, and that the respondent, upon *526 being informed by the third party of Layne’s inquiry, stated that she deemed the inquiry to be an attack on her integrity. Implicit in the respondent’s statement is that the perceived attack on her integrity was unwarranted. The judge’s alleged reaction to the petitioners’ inquiry is, in our view, a sufficient ground for disqualification, since it in itself makes well founded the petitioners’ stated fear that having made what the judge considered to be an unwarranted attack on her integrity, they could no longer receive fair and impartial treatment at the judge’s hand. See McDermott v. Grossman, 429 So.2d 393 (Fla. 3d DCA 1983).
Under the circumstances of a case such as this, where the communication alleged to have been made by the respondent is private, and it is therefore impossible for other affiants to attest to the fact of the communication, that technical requirement of Section 38.10, Florida Statutes (1981), need not be met. While it is suggested that anything less than strict adherence to the statutory requirements would invite abuse, we believe that laws prohibiting perjury in judicial proceedings and rules regulating the conduct of attorneys are adequate to control any envisioned abuse. But even assuming such an abuse might occur, it is far more tolerable than the suggested alternative that a judge may with impunity privately express blatant prejudice against a party or his attorney and deny disqualification on the ground that the technical requirement of the statute requiring two independent witnesses to attest to the prejudicial event has not been met.
Accordingly, we find that the moving papers are sufficient to require disqualification, that the motion was filed without inordinate delay, and that the writ of prohibition should be granted. Writ issued and cases remanded to the Eleventh Judicial Circuit with directions to blind file the cases in accordance with established procedures.