499 So.2d 66 (1986)
Alberto VELAZQUEZ and Carmen Velazquez, His Wife, Appellants,
v.
Alavar GAITAN, M.D., Appellee.
No. 86-285.
District Court of Appeal of Florida, Third District.
December 30, 1986.
*67 Gerald E. Rosser, Miami, for appellants.
Bruce M. Boiko, Coral Gables, for appellee.
Before HUBBART, NESBITT and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the plaintiffs [Alberto and Carmen Velazquez] from a final order dismissing a medical malpractice action. The basis for the dismissal was that (a) the said plaintiffs were six days late in answering the expert witness interrogatories of the defendant [Alavar Gaitan, M.D.] in violation of a court order compelling discovery, and (b) the said plaintiffs had answered these interrogatories by stating that they had selected no expert witness in the case, in alleged violation of the subject court order.
We reverse the order under review upon a holding that the drastic sanction of dismissal below constitutes an abuse of the trial court's discretion herein; we reach this result for two reasons. First, although the plaintiffs violated the trial court's order compelling discovery by being six days late in answering the subject interrogatories, the said violation was minor in nature and the defendant was not substantially prejudiced by this short delay. Second, the plaintiffs' answer was responsive to the subject interrogatories when it was stated that the plaintiffs had no expert witnesses, and, therefore, the answer did not violate the trial court's order compelling discovery in any way. We, therefore, conclude that the drastic sanction of dismissal was totally inappropriate in this case. Santuoso v. McGrath & Associates, Inc., 385 So.2d 112 (Fla. 3d DCA 1980); Beaver Crane Service, Inc. v. National Surety Corp., 373 So.2d 88 (Fla. 3d DCA 1979); Goldstein v. Goldstein, 284 So.2d 225 (Fla. 3d DCA 1973).
The final order of dismissal under review is reversed and the cause is remanded to the trial court for further proceedings.