PER CURIAM.
We previously relinquished jurisdiction to the trial court for the purpose of reconstructing the record of the hearing on the defendant’s motion to suppress, the denial of which motion is the central issue on the defendant’s instant appeal from his conviction. The reconstructed record, such as it is, is now before us, and we find it inadequate in nearly all respects. Its inadequacy is in part due to the inability of the parties and trial judge to recall what occurred almost a year and one-half after the hearing, and in part due to the fact that disputes about what occurred were not resolved and the record, therefore, not settled and approved. Because it is apparent that further efforts to reconstruct the record in the manner attempted will be unavailing, we relinquish jurisdiction to the trial court for a period of sixty (60) days with directions to conduct a de novo hearing on the defendant’s motion to suppress, the transcript of such hearing to constitute the reconstructed record.
Jurisdiction relinquished.
ON MOTION FOR CLARIFICATION
PER CURIAM.
The opinion of this court filed on December 30, 1986, is clarified to direct that the de novo hearing on the defendant’s motion to suppress may be held before any judge of the Criminal Division of the Eleventh Judicial Circuit to whom it is assigned and that such judge shall, after conducting said hearing, rule on the motion. If the defendant’s motion to suppress is denied, the defendant may have that denial reviewed in this appeal and may file appropriate supplemental briefs; if the defendant’s motion to suppress is granted, the state may have that ruling reviewed by a separate appeal.