508 So.2d 482 (1987)
STIMPSON COMPUTING SCALE COMPANY, INC., A DIVISION OF GLOBE SLICING MACHINE CO., INC., a Foreign Corporation, Petitioner,
v.
The Honorable Francis X. KNUCK, Circuit Judge of the Eleventh Judicial Circuit in and for Dade County, Florida, Respondent.
STIMPSON COMPUTING SCALE COMPANY, INC., Etc., Appellant,
v.
Robert Brian ESCH, Appellee.
Nos. 85-2811, 85-2832.
District Court of Appeal of Florida, Third District.
June 9, 1987.
*483 Stephens, Lynn, Chernay & Klein, P.A., and Robert M. Klein and Debra J. Snow, Miami, for appellant.
Dennis L. Webb; Daniels & Hicks, P.A., and Patrice A. Talisman, Miami, for appellee.
Before HUBBART, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Stimpson Computing Scale Company, Inc., [Stimpson] appeals from orders of the trial court striking Stimpson's pleadings and defenses, entering a default judgment against Stimpson on the issue of liability, and awarding attorneys' fees and costs to opposing party, Robert Brian Esch. Stimpson also petitions this court for a writ of prohibition declaring the trial judge disqualified from this case. We grant Stimpson's petition for a writ of prohibition, reverse the order of the trial court striking Stimpson's pleadings and defenses, reverse the default judgment entered against Stimpson, reverse the award of attorneys' fees and costs, and remand this cause for a new trial on the issue of liability.
In 1983, Esch commenced a products liability action against Stimpson alleging that Stimpson had negligently designed and manufactured the meat grinder which caused his injuries. Prior to trial, prompted by Stimpson's alleged discovery violations, Esch moved for the sanctions of striking Stimpson's pleadings and defenses, having a default judgment entered against Stimpson on the issue of liability, and having attorneys' fees and costs awarded. An evidentiary hearing was held on these motions. The trial court entered an order denying the motions to strike the pleadings and to enter a default judgment. The trial court reserved ruling upon Esch's motion for attorneys' fees and costs.
The trial began as scheduled. The case was submitted to the jury which was unable to reach a verdict. The trial court declared a mistrial. Esch renewed his previous motions for sanctions. Stimpson filed a motion for disqualification of the trial judge.
The trial court held a single hearing on all the motions. The hearing began with attorney David Halberg testifying as an expert witness for Esch as to the amount of reasonable attorneys' fees Esch had incurred.[1] The trial court then proceeded to the question of recusal. Stimpson's motion set forth numerous grounds for recusal. Although Esch's counsel challenged the procedural and legal sufficiency of the motion, the trial judge specifically passed on *484 the merits of Stimpson's allegations. The hearing concluded with arguments on the issue of the appropriate sanctions against Stimpson.
The trial court subsequently issued a single order which granted Esch's motion to strike Stimpson's pleadings and defenses, entered a default judgment against Stimpson on the issue of liability, and awarded Esch $70,000 in attorneys' fees and $5,000 in costs. The trial court denied Stimpson's motion for recusal as legally insufficient. Stimpson's motion for a rehearing was denied.

I. Writ of prohibition.
When faced with a motion for disqualification, a judge is bound to adhere to Fla.R.Civ.P. 1.432 which provides:
(d) Determination. The judge against whom the motion is directed shall determine only the legal sufficiency of the motion. The judge shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall enter an order of disqualification and proceed no further in the action.
In this case, the trial court erred when it engaged in a discussion of the merits of Stimpson's charges. A judge may only examine a petition for recusal to determine if sufficient facts are alleged demonstrating entitlement to disqualification. Mangina v. Cornelius, 462 So.2d 602 (Fla. 5th DCA 1985); Layne v. Grossman, 430 So.2d 525 (Fla. 3d DCA), rev. denied, 438 So.2d 832 (Fla. 1983). The truth of the allegations notwithstanding, once a judge exceeds the scope of inquiry required by Rule 1.432(d), recusal is mandated. Lake v. Edwards, 501 So.2d 759 (Fla. 5th DCA 1987); Layne, 430 So.2d at 526.
The unorthodox manner in which the pending posttrial motions were handled also warrants comment. The record indicates that the issue of attorneys' fees and costs was addressed at the start of the hearing for the convenience of Esch's expert witness. A judge faced with a motion for recusal should first resolve that motion before making additional rulings in a case. While we are not unaware of the importance of witness courtesy, a recusal motion must be heard first. The rationale for such a progression is based upon the principle that once a trial judge recuses himself orders issued thereafter are void subject to narrow exceptions. Barnett Bank of St. Lucie County v. Garrett, 468 So.2d 467 (Fla. 4th DCA 1985); Schwartz v. Schwartz, 431 So.2d 716 (Fla. 3d DCA 1983). The order of the entire hearing was askew once the court elected to consider the amount of attorneys' fees without first resolving the motion for disqualification.

II. Sanctions of striking pleadings and entering default judgment 
on issue of liability.
Because we conclude that the writ of prohibition must be granted, the other orders of the trial court striking Stimpson's pleadings and entering a default judgment against Stimpson must also be reversed. To guide the trial court in its consideration on remand of Esch's motion for sanctions, we observe that the severity of a sanction must be commensurate with the violation. Mercer v. Raine, 443 So.2d 944 (Fla. 1983); Santuoso v. McGrath & Assocs., Inc., 385 So.2d 112 (Fla. 3d DCA 1980). See also McNamara v. Bradley Realty, Inc., 504 So.2d 814 (Fla. 4th DCA 1987) (striking of pleadings and entry of final judgment against defendants improper in absence of willful nonattendance of scheduled depositions); Beauchamp v. Collins, 500 So.2d 294 (Fla. 3d DCA 1986) (late and incomplete compliance with discovery requests could not support dismissal in absence of showing of bad faith); Velazquez v. Gaitan, 499 So.2d 66 (Fla. 3d DCA 1986) (six-day delay in answering interrogatories insufficient to warrant dismissal of suit); Summit Chase Condominium Ass'n, Inc. v. Protean Investors, Inc., 421 So.2d 562 (Fla. 3d DCA 1982) (fact that plaintiff's counsel was laggard and slothful in answering interrogatories did not warrant extreme sanction of dismissal of plaintiff's action). The alleged basis for the sanctions imposed was Stimpson's tardy production of a document conclusively linking Stimpson with the manufacture of the grinder in question. Stimpson's conduct falls far short of the level of *485 egregiousness required to sustain the dismissal of an action and the entry of a default judgment. See, e.g., Carlucci v. Piper Aircraft Corp., Inc., 775 F.2d 1440 (11th Cir.1985) (sanctions against attorney upheld where sufficient evidence existed of attorney's wrongful termination of discovery production sessions and attorney's misrepresentations to court regarding existence of investigative reports prepared by client); Kleiner v. First Nat'l Bank, 751 F.2d 1193 (11th Cir.1985) (sanction against defendant and its counsel appropriate where potential members of plaintiff class were solicited for exclusion requests by defendant in violation of court order restricting defendant's contacts with class members to five depositions); Freeman v. Humana, Inc., 501 So.2d 639 (Fla. 3d DCA 1986) (sanction of dismissal warranted where ninth in series of party's law firms failed to comply with any of four outstanding discovery orders despite notice).
Our grant of the writ of prohibition and our reversal of the order of the trial court striking Stimpson's pleadings and defenses and entering a default judgment against Stimpson requires that on remand the successor trial court revisit the issue of appropriate sanctions and consider whether Esch is entitled to attorneys' fees. We direct the new trial judge to first consider the appropriate sanctions and thereafter determine whether Esch is entitled to attorneys' fees. The order awarding attorneys' fees and costs is, accordingly, reversed and remanded for proceedings consistent with this opinion.
Writ of prohibition issued; orders under review reversed and cause remanded for a new trial on all issues.
NOTES
[1] In view of our holding that the award of attorney's fees must be reversed, we do not address Stimpson's complaint regarding the basis for the expert's opinion.