513 So.2d 1353 (1987)
Vasiliki ZAFIRAKOPOULOUS, Appellant,
v.
SOUTH MIAMI INTERNATIONAL CRABHOUSE CORPORATION, D/B/a Rustic Inn Crabhouse, and Rustic Inn Crabhouse, Inc., and Kent Insurance Company, Appellees.
No. 86-2714.
District Court of Appeal of Florida, Third District.
October 20, 1987.
Neal A. Roth, Miami, and David Enis, for appellant.
Sparber, Shevin, Shapo & Heilbronner, P.A., and Nancy Schleifer, Miami, for appellees.
Before HENDRY, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Zafirakopoulous appeals from an order of the trial court dismissing with prejudice Zafirakopoulous's negligence action against the South Miami International Crabhouse Corporation and Kent Insurance Company [collectively Kent]. The trial court had granted Kent's motion for sanctions based upon Zafirakopoulous's failure to appear for a compulsory physical examination. We reverse the trial court's order of dismissal with prejudice.
*1354 Zafirakopoulous had filed a negligence action in 1984 against Kent's insured, the South Miami International Crabhouse Corporation. The trial court set the case for trial for the two-week period beginning October 20, 1986, and entered a pretrial order requiring the completion of all discovery thirty days prior to trial. Kent deposed Zafirakopoulous on August 6, 1986, at which time it learned that she would be leaving the United States on August 8 to spend two months in Greece. Kent immediately moved for a compulsory physical examination of Zafirakopoulous.[1] On August 21, 1986, the trial court granted the motion and set the examination for September 17, 1986. After her counsel unsuccessfully sought to extend the time for the examination, he communicated with Zafirakopoulous in Greece regarding the scheduled appointment. She responded that she could not terminate her stay in Greece without suffering severe financial losses but expressed her willingness to submit to the examination any time after her return to the United States on October 12, 1986. When Zafirakopoulous failed to keep the September 17 appointment, Kent moved for sanctions. Following a hearing, the trial court granted the motion for sanctions and dismissed the case with prejudice.
The sanction of dismissal with prejudice is the most severe and is appropriate only in extreme circumstances. The severity of a sanction must be commensurate with the violation. Mercer v. Raine, 443 So.2d 944 (Fla. 1983). See also Wallraff v. T.G.I. Friday's, Inc., 490 So.2d 50 (Fla. 1986) (abuse of discretion for trial court to dismiss plaintiff's case with prejudice for plaintiff's failure to attend deposition without making determination that plaintiff's absence was willful or done in bad faith); Stimpson Computing Scale Co. v. Esch, 508 So.2d 482 (Fla. 3d DCA 1987) (trial court erred in imposing sanctions of striking defendant's pleadings and entering default judgment where record did not demonstrate that defendant's belated production of brochure sought in discovery was done in bad faith); Beauchamp v. Collins, 500 So.2d 294 (Fla. 3d DCA 1986) (late and incomplete compliance with discovery requests could not support dismissal in absence of showing of bad faith), rev. denied, 511 So.2d 297 (Fla. 1987); Velazquez v. Gaitan, 499 So.2d 66 (Fla. 3d DCA 1986) (six-day delay in answering interrogatories insufficient to warrant dismissal of suit); United Servs. Auto. Ass'n v. Strasser, 492 So.2d 399 (Fla. 4th DCA 1986) (trial court abused discretion in striking defendant's pleadings and entering default against defendant where record failed to demonstrate willful refusal to comply with discovery orders or prejudice to plaintiff, and defendant had previously complied with plaintiff's discovery requests although in a tardy manner), rev. denied, 501 So.2d 1283 (Fla. 1987); Pey v. Turnberry Towers Corp., 474 So.2d 1279 (Fla. 3d DCA 1985) (trial court abused discretion in striking party's pleadings on basis of violation of court order requiring that his answers to interrogatories be filed by November 1, and party's answers were sent air-express from his home in Germany on October 29 and were filed on November 5); Summit Chase Condominium Ass'n v. Protean Investors, Inc., 421 So.2d 562 (Fla.3d DCA 1982) (fact that plaintiff's counsel was laggard and slothful in answering interrogatories did not warrant extreme sanction of dismissal of plaintiff's action).
Measured against these standards, Zafirakopolous's conduct in the instant case fails to achieve the egregious level required to sustain the sanction imposed. Although the trial court specifically found that Zafirakopoulous "willfully and intentionally refused to comply with this Court's Order dated August 21, 1986 requiring a compulsory physical examination," the record fails to support a finding of willful and intentional noncompliance. Zafirakopoulous was not in violation of any court order at the time of her departure for Greece. Zafirakopoulous *1355 clearly conveyed her willingness to comply with a court-ordered examination any time after her return to the United States. The mere fact that Zafirakopoulous was unable to abandon prematurely her business in Greece is an insufficient basis for the sanction of dismissal with prejudice: willful disregard or continued indifference to a court order is necessary before the most severe sanction will be sustained. See, e.g., Freeman v. Humana, Inc., 501 So.2d 639 (Fla. 3d DCA 1986) (sanction of dismissal warranted where ninth in series of party's law firms failed to comply with any of four outstanding discovery orders despite notice), rev. denied, 511 So.2d 298 (Fla. 1987); Morales v. Perez, 445 So.2d 393 (Fla. 3d DCA 1984) (sanction of default judgment upheld where defendant had repeatedly and willfully violated discovery rules culminating in his attorney's failure to appear at scheduled pretrial conference), appeal dismissed, 453 So.2d 44 (Fla. 1984); Merrill Lynch Pierce Fenner & Smith, Inc. v. Haydu, 413 So.2d 102 (Fla. 3d DCA 1982) (striking of defendant's pleadings and entering of default judgment against defendant affirmed where defendant had willfully and flagrantly failed to comply with discovery rules and with court orders compelling discovery). While "[a] deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, as will bad faith, willful disregard or gross indifference to an order of the court or conduct which evinces deliberate callousness," Watson v. Peskoe, 407 So.2d 954, 956 (Fla. 3d DCA 1981) (citations omitted), such conduct is not manifested by Zafirakopoulous's inability to comply with a single discovery order due to geographical and business constraints. For the foregoing reason, we reverse the imposition of the sanction of dismissal with prejudice and remand this case to the trial court for the reconsideration of appropriate lesser sanctions and for trial on the merits.
Reversed and remanded.
NOTES
[1] While we are cognizant of the fact that the vigor with which defense counsel in a personal injury action conducts discovery intensifies as the trial date approaches, the conflict in this case could have been avoided had discovery been completed in a more expedient manner. Moreover, the purpose of the trial court's authority to impose sanctions is to ensure compliance with the rules of civil procedure, not to punish or penalize. Allstate Ins. Co. v. Biddy, 392 So.2d 938 (Fla. 2d DCA 1980), rev. denied, 399 So.2d 1140 (Fla. 1981).