PER CURIAM.
Morales appeals from a nonfinal order of the trial court denying her Florida Rule of Civil Procedure 1.540 motion to set aside the trial court’s order striking her pleadings and defense as a sanction for her discovery violations. We reverse because the record affirmatively demonstrates that Morales did not secrete or withhold the requested discovery materials.
Morales had been employed by Four Star Poultry and Provision Company as a bookkeeper, director, and treasurer for seven years. Four Star filed a complaint against Morales for civil theft, alleging that she had embezzled approximately $600,000 from Four Star. Morales’s answer denied the allegations and asserted as an affirmative defense that one of Four Star’s officers had laundered the missing cash as part of an income tax evasion scheme. Four Star filed a motion for production of all ledgers, receipts, bank statements, tax returns, and other financial records of four corporations owned by Morales and her husband as well as all of Four Star’s financial records in Morales’s possession. Morales’s objection to production of her corporations’ records was denied by the trial court. Four Star subsequently moved to compel production and to impose sanctions for Morales's incomplete compliance despite her contrary representations in her certificate of compliance. Following a hearing, the trial court found that Morales had failed to comply fully with the discovery order and held her in contempt. Morales attempted to purge herself of the contempt by producing Four Star’s 1983 general ledger. Four Star moved to enforce contempt and to impose sanctions on the ground that Morales had not yet produced all the documents. At the hearing on Four Star’s motion, Four Star’s accountant, Irving Herris, testified that Four Star’s cash receipts and disbursements journals were still missing. Following the hearing, the trial court entered an order finding Morales in contempt and again imposed the sanction of striking her pleadings and defense.[1] This court affirmed the trial court’s order in Case No. 86-2304.[2]
Morales filed a Rule 1.540 motion in the trial court to set aside the order based upon (1) newly discovered evidence which could not have been discovered previously with due diligence; and (2) fraud, misrepresentation, or other misconduct of Four Star. In her motion, Morales alleged that a recent deposition of a witness in a related criminal proceeding revealed that Four Star’s cash receipts and disbursements journals had been in Four Star’s possession during the entire discovery period. At the hearing on the Rule 1.540 motion, Herris testified that he had been mistaken in his claim that the subject journals had been in Morales’s possession. The trial court denied Morales’s 1.540 motion.[3]
*1185 Our review of the record reveals that the primary basis for the trial court’s striking of Morales’s pleadings and defense was Morales’s failure to produce the cash receipts and disbursements journals. It is clear from the record that the materials sought had been in Four Star’s possession the entire time and that Morales did not secrete, conceal, or otherwise impede Four Star in locating the “missing” cash journals. Four Star is correct in its assertion that Morales was less than forthcoming in her production of other discovery materials. The sanction imposed, the striking of Morales’s pleadings and defense, nevertheless, was too severe for the infraction committed. Mercer v. Raine, 443 So.2d 944 (Fla.1983); Stimpson Computing Scale Co. v. Knuck, 508 So.2d 482 (Fla. 3d DCA 1987); McNamara v. Bradley Realty, Inc., 504 So.2d 814 (Fla. 4th DCA 1987); Santuoso v. McGrath & Assocs., 385 So.2d 112 (Fla. 3d DCA 1980).
We accordingly reverse the trial court’s order striking Morales’s pleadings and remand for further proceedings.
Reversed.

. In its order, the trial court had also sentenced Morales to five months' incarceration. That sanction was quashed by this court in Case No. 86-2045.

. Morales’s motion to supplement the record in Case No. 86-2304 with a deposition of a witness in a related criminal proceeding was denied by this court without prejudice for Morales to file a Florida Rule of Civil Procedure 1.540 motion in the trial court.

.The Rule 1.540 motion was heard by a different trial court. The predecessor judge had re-cused himself due to his belief that Morales was patently untruthful.