526 So.2d 943 (1988)
PILKINGTON PLC and Chance Pilkington Limited, Petitioners,
v.
METRO CORPORATION, Respondent.
No. 87-3030.
District Court of Appeal of Florida, Third District.
May 17, 1988.
Rehearing Denied July 13, 1988.
Morgan, Lewis & Bockius and William L. Gardner and Peter Buscemi, Washington, D.C., Lowell L. Garrett and Nancy A. Copperthwaite, Miami, for petitioners.
Bailey, Dawes & Hunt and Mercedes C. Busto, Miami, for respondent.
Before HUBBART, BASKIN and PEARSON, JJ.
PER CURIAM.
Pilkington plc and Chance Pilkington Limited [petitioners] present a petition for writ of certiorari to review the trial court's order striking their counterclaim to the crossclaim of Metro Corporation [Metro] as a sanction for discovery violations. We grant the petition and quash the order.
Petitioners and Metro are codefendants in a lawsuit instituted by plaintiff, Visual Scene, Inc. After extensive discovery, the court issued an order requiring discovery to conclude by October 30, 1987; setting the pretrial conference on November 16, 1987; and warning the parties that failure to comply might result in severe sanctions. On September 29, 1987, Metro sent petitioners an initial set of interrogatories, consisting of twenty-five questions with numerous subparts. Metro did not comply with Florida Rule of Civil Procedure 1.340(a), which limits the number of questions to twenty-five "unless the court permits a larger number on motion and notice and on good cause." Petitioners did not respond to the interrogatories. Instead, on October 30, petitioners filed objections to the excessive number of questions. On November 3, Metro filed a motion requesting the court to compel petitioners to answer the interrogatories or to impose sanctions. Metro also cited frivolity and the untimeliness of the objections as grounds for sanctions. The trial court granted Metro's motion. The court ordered petitioners to answer the interrogatories by November 6 and warned it would not entertain motions for extension of time. Petitioners filed emergency motions for modification, but the court did not rule on these motions. On November 6, petitioners submitted completed interrogatories; however, Metro objected to petitioners' failure to furnish detailed *944 answers. On Friday, November 13, Metro filed a motion to strike petitioners' damage claims. On Monday, November 16, the court granted Metro's motion and struck petitioners' damage claims. In its order the trial court stated that petitioners willfully failed to comply with the court's November 3 order.
In Mercer v. Raine, 443 So.2d 944 (Fla. 1983), the Supreme Court of Florida stated:
[T]he striking of pleadings ... for noncompliance with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances. A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness.
Mercer, 443 So.2d at 946 (citations omitted). The harsh sanction of dismissal is warranted only where it is commensurate with the discovery violation. Mercer; Harless v. Kuhn, 403 So.2d 423 (Fla. 1981); see Wallraff v. T.G.I. Friday's, Inc., 490 So.2d 50 (Fla. 1986) (failure to attend deposition does not warrant dismissal absent finding of willfulness or bad faith); Maxwell v. Rolls-Royce Motors, Inc., 522 So.2d 1043 (Fla. 4th DCA 1988) (vague, jumbled, and incomplete responses to discovery requests do not justify dismissal, where appellant made a good faith effort to comply with discovery orders); Morales v. Four Star Poultry & Provision Co., 523 So.2d 1183 (Fla. 3d DCA 1988) (where some materials already in proponent's possession and interrogated party less than forthcoming in producing other documents, striking of pleadings too severe for infraction); Zafirakopoulous v. South Miami Int'l Crabhouse Corp., 513 So.2d 1353 (Fla. 3d DCA 1987) (error to dismiss claim for discovery violation where interrogated party in foreign country on business failed to submit to physical examination as scheduled); Stimpson Computing Scale Co. v. Knuck, 508 So.2d 482 (Fla. 3d DCA 1987) (where record does not demonstrate that late production of document was in bad faith, trial court erred in striking pleadings); Beauchamp v. Collins, 500 So.2d 294 (Fla. 3d DCA 1986) (dismissal reversed where documents were not timely submitted but no showing of bad faith), review denied, 511 So.2d 297 (Fla. 1987); Velazquez v. Gaitan, 499 So.2d 66 (Fla. 3d DCA 1986) (order striking pleadings reversed where interrogatories answered several days late); Pey v. Turnberry Towers Corp., 474 So.2d 1279 (Fla. 3d DCA 1985) (striking pleadings for failure to file timely answers to interrogatories too severe a penalty).
A review of the events leading to the court's dismissal fails to support the trial court's finding that petitioners acted in willful disregard of the court's authority. Although petitioners failed to answer the initial set of interrogatories on October 29, or file a timely objection to the number of questions,[1] they complied with the trial court's November 3 order and answered the interrogatories by November 6. In light of the extensive discovery preparations, these actions do not constitute conduct evincing deliberate disregard or gross indifference to the court's order. See Zafirakopoulous, 513 So.2d at 1355 ("inability to comply with a single discovery order due to geographical and business constraints" does not warrant dismissal). Cf. Freeman v. Humana, Inc., 501 So.2d 639 (Fla. 3d DCA 1986) (where party failed to comply with four discovery orders dismissal warranted), review denied, 511 So.2d 298 (Fla. 1987); Campagna Constr. Co. v. Riverview Condominium Corp., 467 So.2d 807 (Fla. 3d DCA 1985) ("continued and willful" violations support order striking pleadings). Furthermore, petitioners' arguably inadequate answers could have been remedied by amendment. See Maxwell; Summit Chase Condominium Ass'n v. Protean Investors, Inc., 421 So.2d 562 (Fla. 3d DCA 1982) (inadequate interrogatory responses do not support dismissal).
Accordingly, we hold that the trial court departed from essential requirements of *945 law and quash the order striking petitioners' damage claims.
Certiorari granted; order quashed; remanded.
NOTES
[1] Petitioners filed their objections one day late.