PER CURIAM.
We reverse the order entering final summary judgment against the appellant as a sanction for failing to comply with certain discovery orders. Our review of the record convinces us that the trial court abused its discretion in entering this “most severe of all sanctions which should be employed only in extreme circumstances.” Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983) (emphasis added). Although the trial court specifically found that the plaintiff “willfully disregarded numerous Court Orders regarding the Damage Interrogatories,” the record does not reveal that the plaintiff’s “conduct indicates ‘[a] deliberate and contumacious disregard of the court’s authority!,] ... bad faith, or a willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness.’” Gomez-Bonilla v. Apollo Ship Chandlers, Inc., 650 So.2d 116, 118 (Fla. 3d DCA 1995)(quoting Mercer, 443 So.2d at 946); see also Florida Lime Growers, Inc. v. Bloomer Plastics, Inc., 665 So.2d 1151 (Fla. 3d DCA 1996); Reep v. Reep, 565 So.2d 814, 816 (Fla. 3d DCA 1990); Pilkington plc v. Metro Corp., 526 So.2d 943 (Fla. 3d DCA 1988); Zafirakopoulous v. South Miami Int’l Crabhouse Corp., 513 So.2d 1353 (Fla. 3d DCA 1987); Beauchamp v. Collins, 500 So.2d 294 (Fla. 3d DCA 1986), rev. denied, 511 So.2d 297 (Fla.1987).
While the plaintiffs answers to the defendants’ damage interrogatories clearly lacked specificity, this is in part due to the nature of the claimants’ relationship to the decedent and the inherently difficult-to-quantify character of the damages being sought. Notwithstanding this observation, however, “[o]ur reversal does not preclude the trial court, on remand, from compelling the plaintiff to more adequately and fully answer the questions propounded and to assess ... attorney’s fees and costs in that regard with the full understanding that after a further opportunity to comply, dismissal of the action may become appropriate.” Summit Chase Condo. Ass’n, Inc. v. Protean Investors, Inc., 421 So.2d 562, 565 (Fla. 3d DCA 1982).
Reversed and remanded.