727 So.2d 311 (1999)
Susan M. BARNETT, Petitioner,
v.
Larry Roger BARNETT, Respondent.
No. 98-04755.
District Court of Appeal of Florida, Second District.
February 17, 1999.
M. Katherine Ramers of M. Katherine Ramers, P.A., Dunedin, for Petitioner.
Andrew J. Rodnite, Jr. of Park, Bugg, Rodnite, Ossian & Zdravko, Clearwater, for Respondent.
PER CURIAM.
Susan Barnett challenges the trial court's order denying her motion to disqualify the trial judge filed pursuant to Florida Rule of Judicial Administration 2.160. By prior order we granted Ms. Barnett's petition for writ of prohibition and indicated that this opinion would follow.
This original proceeding arose from a final hearing in a postjudgment dissolution action to determine child custody, visitation, child support, and attorney's fees. Ms. Barnett alleges that at the close of the evidence[1] but before final arguments were heard, the trial judge told her counsel that her client should attempt to negotiate for more visitation than she would otherwise receive if the trial court made the decision. Barnett filed a sworn motion to disqualify the trial judge stating that because of the above statement she did not feel that the judge could preside impartially over closing arguments. She reasoned that the judge's comment indicated her predisposition to award custody to the former husband. The trial judge denied this motion as legally insufficient.
*312 The technical requisites of the rule were met by the motion and affidavit.[2] The only question remaining is whether, taken as true, the facts constitute legally sufficient grounds for disqualification. The standard to apply in making this determination is whether a reasonable person faced with those facts would develop a well-grounded fear that he or she would not receive a fair hearing in front of that judge. See Rucks v. State, 692 So.2d 976 (Fla. 2d DCA 1997). While it is well-settled that a judge may form mental impressions and opinions during the course of hearing evidence, he or she may not prejudge the case. See Wargo v. Wargo, 669 So.2d 1123 (Fla. 4th DCA 1996); LeBruno Aluminum Co., Inc. v. Lane, 436 So.2d 1039 (Fla. 1st DCA 1983). The comment in this case could reasonably be interpreted to mean that the judge had crossed that line from forming mental impressions to prejudging the issue of custody prior to the conclusion of the trial.
Accordingly, the petition for writ of prohibition is granted.
BLUE, A.C.J., and FULMER and SALCINES, JJ., Concur.
NOTES
[1] In addition to testimony, Ms. Barnett alleges that transcripts from numerous other proceedings before different judges had been entered into evidence but presumably not yet reviewed by the trial judge.
[2] Mr. Barnett's argument that the motion is legally insufficient because it is based on hearsay is without merit. Under the current rule, the motion need only be sworn to by the party signing it. See Fla. R. Jud. Admin 2.160(c). There is no requirement that the party have personal knowledge of the facts alleged nor that the motion be accompanied by sworn affidavits of persons with such knowledge.