915 So.2d 271 (2005)
Richard A. ASPER, Appellant,
v.
MAXY AVIATION SERVICES, L.C., Appellee.
No. 4D04-3944.
District Court of Appeal of Florida, Fourth District.
December 7, 2005.
*272 Gary A. Esler of Esler & Lindie, P.A., Fort Lauderdale, for appellant.
Gary M. Bagliebter and Temple Fett Kearns of Shutts & Bowen LLP, Fort Lauderdale, for appellee.
STONE, J.
Defendant, Asper, appeals a final judgment entered upon an order striking his pleadings and entering a default. We conclude that Asper's repeated willful disregard of orders supports this harsh sanction, and affirm.
Asper was contractually obligated to make certain disbursements to the IRS on Maxy's behalf out of escrow funds. The IRS was not paid, and Maxy demanded Asper fulfill his obligation under the agreement, plus pay the penalty and interest incurred.
Maxy sued for breaches of contract and fiduciary duty. Asper's affirmative defenses blamed others for the delay and claimed that he had paid IRS out of a Bahamian bank account.
In the course of discovery, Maxy sought Asper's signed consent for the Bahamian bank to release Asper's records. Asper stonewalled. The trial court entered three orders concerning the consent before granting sanctions, and a fourth order before striking pleadings. There is no claim that Asper was not aware of the proceedings.
The initial order was entered on the plaintiff's motion to compel consent after an evidentiary hearing. Asper asserted his plans to bring an action against the bank and claimed that complying with the discovery request would compromise his rights. The trial court agreed with Maxy that Asper had a right to obtain copies of his own bank account records and that he would not waive his right to future litigation against the bank.
The trial court's next order granted Maxy's motion to compel Asper's signature on a consent form that directed the bank to provide the bank records to counsel for both sides. The order gave Asper ten days to comply, and he failed to do so. After another three weeks of non-compliance, Maxy moved for contempt and sanctions. Asper submitted an affidavit saying that he could not sign the directive to his bank, but did not say why or what kind of litigation he was bringing against his financial institution.
The trial court's third order deferred the motion for contempt and sanctions, entered a rule to show cause, and ordered Asper to appear at an evidentiary hearing *273 to determine why he could not be held in contempt for his failure to comply by signing the consent form. After a hearing, the trial court entered its fourth order, granting Maxy's motion for contempt. The order gave Asper a ten day grace period to comply and found that Asper's actions constituted willful non-compliance.
A week after the trial court's deadline, Asper had not complied and had not moved to enlarge time or to stay the order. Maxy moved to strike the pleadings and enter default judgment. Asper never explained his failure to sign the consent other than his nebulous reference to planned litigation against the bank. He never explained why this justified his refusal to comply with the court orders. The trial court granted the motion.
The trial court gave Asper three opportunities to comply, plus an additional grace period before striking his pleadings and Asper never provided a credible explanation for his flagrant disregard of the court orders, other than claiming that it was based upon the advice of his Bahamian counsel. He never provided anything substantive, or even proof of litigation in the foreign court. Certainly, reasonable men could find that the trial judge's actions were warranted. Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983). Further, the record supports the trial court's finding of willful non-compliance. See Carpenter v. McCarty, 810 So.2d 1053 (Fla. 4th DCA 2002).
Dismissal or striking of pleadings and entry of default is the most severe sanction available and must be commensurate with the violation. Zafirakopoulous v. So. Miami Int'l Crabhouse Corp., 513 So.2d 1353, 1354 (Fla. 3d DCA 1987). The record must support the finding of willful non-compliance. Id. Here, the record is rife with Asper's refusal to comply and his contumacious disregard of the trial court orders. Therefore, the trial court did not abuse its discretion in leveling this sanction. If anything, the record reflects that the trial court bent over backwards in an effort to be conciliatory. The judgment is affirmed.
GROSS and HAZOURI, JJ., concur.