DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHARD K. CANNON,** a/k/a **RICHARD CANNON** and **MERYL CANNON,**
Petitioners,

v.

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY5 TRUST,**
Respondent.

No. 4D15-436

[June 10, 2015]

Petition for writ of prohibition to Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard Harrison, Senior Judge; L.T. Case No. 502010CA023036XXXXMB.

Richard R. Widell of Golant and Golant, P.A., Boca Raton, for petitioners.

Jan Timothy Williams of Lapin & Leightling, LLP, Coral Gables, for respondent.

PER CURIAM.

The petition for writ of prohibition seeking disqualification of the trial judge is denied.

DAMOORGIAN, C.J., and GERBER, J., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

I would grant the writ. Even though the motion and affidavit were based upon hearsay, the petitioners filed the required affidavits establishing the facts and circumstances as well as their fear of bias. Their attorney filed the required certificate of good faith. Thus, the motion was

technically sufficient. *See Barnett v. Barnett*, 727 So. 2d 311, 312 n.2 (Fla. 2d DCA 1999) ("Under the current rule, the motion need only be sworn to by the party signing it. *See* Fla. R. Jud. Admin 2.160(c) [now 2.330]. There is no requirement that the party have personal knowledge of the facts alleged nor that the motion be accompanied by sworn affidavits of persons with such knowledge."). I also think the facts alleged were legally sufficient to require disqualification. The level of animosity between the judge and the petitioners' lawyer based upon the facts in the motion, which are not merely based upon adverse rulings, is sufficient to create an objectively reasonable fear by petitioners that the judge is so biased against their attorney as to require his disqualification. *See Hayslip v. Douglas*, 400 So. 2d 553, 556-57 (Fla. 4th DCA 1981).

The judge may not pass on the truth of the facts alleged in an initial motion for disqualification. *See* Fla. R. Jud. Admin. 2.330(f). Therefore, the judge should have entered an order of disqualification. If the facts in the motion are false, then the "laws prohibiting perjury in judicial proceedings and rules regulating the conduct of attorneys are adequate to control any envisioned abuse." *Layne v. Grossman*, 430 So. 2d 525, 526 (Fla. 3d DCA 1983).

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***