WARNER, J.,
dissenting.
I would grant the writ. Even though the motion and affidavit were based upon hearsay, the petitioners filed the required affidavits establishing the facts and circumstances as well as their fear of bias. Their attorney filed the required certificate of good faith. Thus, the motion was technically sufficient. See Barnett v. Barnett, 727 So.2d 311, 312 n. 2 (Fla. 2d DCA 1999) (“Under the current rule, the motion need only be sworn to by the party signing it. See Fla. R. Jud. Admin 2.160(c) [now 2.330]. There is no requirement that the party have personal knowledge of the facts alleged nor that the motion be accompanied by sworn affidavits of persons with such knowledge.”). I also think the facts alleged were legally sufficient to require disqualification. The level of animosity between the judge and the petitioners’ lawyer based upon the facts in the motion, which are not merely based upon adverse rulings, is sufficient to create an objectively reasonable fear by petitioners that the judge is so biased against their attorney as to require his disqualification. See Hayslip v. Douglas, 400 So.2d 553, 556-57 (Fla. 4th DCA 1981).
The judge may not pass on the truth of the facts alleged in an initial motion for disqualification. See Fla. R. Jud. Admin. 2.330(f). Therefore, the judge should have entered an order of disqualification. If the facts in the motion are false, then the “laws prohibiting perjury in judicial proceedings and rules regulating the conduct of attorneys are adequate to control any envisioned abuse.” Layne v. Grossman, 430 So.2d 525, 526 (Fla. 3d DCA 1983).