PER CURIAM.
Petitioner seeks a writ of prohibition after the trial court denied his motion to disqualify the judge as legally insufficient. Because the motion was legally sufficient, we grant the writ of prohibition.
Florida Rule of Judicial Administration 2.330 requires only that the motion to disqualify be sworn to by the party signing it and that the attorney for the party separately certify that the motion and the client’s statements are made in good faith. “There is no requirement that the party have personal knowledge of the facts alleged nor that the motion be accompanied by sworn affidavits of persons with such knowledge.” Barnett v. Barnett, 727 So.2d 311, 312 n. 2 (Fla. 2d DCA 1999) (construing Florida Rule of Judicial Administration 2.160(c), which is now rule 2.330). If the facts in Petitioner’s motion were not true, then the “laws prohibiting perjury in judicial proceedings and rules regulating the conduct of attorneys are adequate to control any envisioned abuse.” See Layne v. Grossman, 430 So.2d 525, 526 (Fla. 3d DCA 1983).
PETITION FOR WRIT OF PROHIBITION GRANTED.
ORFINGER, LAMBERT, and EDWARDS, JJ., concur.